

# The Attorney General of Texas

June 6, 1978

JOHN L. HILL
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
ton, TX. 77002
228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity
Affirmative Action Employer

Honorable Henry Wade
Criminal District Attorney
Dallas County Courthouse
Dallas, Texas 75202

Opinion No. H- 1175

Re: Whether a corporation may make contributions and expenditures for the purpose of aiding or defeating the passage of a municipal bond issue.

Dear Mr. Wade:

You ask:

> May a corporation make contributions and expenditures for the purpose of aiding or defeating the passage of a municipal bond issue?

Article 14.06 of the Texas Election Code provides, in part:

> (A) Except to the extent permitted in [article 15.17], Texas Election Code, it is unlawful for any corporation, as defined in this Act, to make a contribution or expenditure, as defined in [article 14.01] of this code, or any labor organization to make a contribution or expenditure, or for any candidate, office holder, political committee, or other person to knowingly accept any contribution prohibited by this Article except as herein expressly provided.
>
> . . . .
>
> (C) As used in this section, the phrase "contribution or expenditure" shall also include giving, lending, or paying any money or other thing of value, directly or indirectly, to any candidate, or political committee, campaign treasurer, assistant campaign treasurer, or any other person, for the purpose of aiding or

defeating the nomination or election of any candidate or of aiding or defeating the approval of any measure submitted to a vote of the people of this state or any subdivision thereof . . . .

(D)  . . . The corporation or labor organization shall be civilly liable to the State of Texas for an amount equal to triple the amount or value of any unlawful gift, loan, or payment to any candidate, office-holder, political committee, campaign treasurer, or assistant campaign treasurer.

(E)  Any corporation or labor organization that violates Subsection (A), (B), or (C) of this section shall be guilty of a felony of the third degree.

(F)  Every officer or director of any corporation or labor organization who shall consent to any such unlawful gift, loan, or payment of such unlawful promise to give, lend, or pay by the corporation or labor organization shall be guilty of a felony of the third degree.

(G)  Any candidate, office-holder, political committee, campaign treasurer, or assistant campaign treasurer who knowingly accepts such unlawful gift, loan, or payment from a corporation or labor organization shall be guilty of a felony of the third degree.

The United States Supreme Court recently construed a very similar Massachusetts' statute in First National Bank of Boston v. Bellotti, 46 U.S.L.W. 4371 (April 26, 1978). Since no compelling state interest was found, the Supreme Court held that the Massachusetts statute violated the first and fourteenth amendment guarantees of freedom of expression insofar as it prohibited corporations from making contributions or expenditures to influence elections on measures presented for a vote of the people. In light of this decision, we believe it is clear that the provisions of article 14.06 which prohibit corporate contributions "for the purpose of aiding or defeating the approval of any measures submitted to a vote of the people of this state or any subdivision thereof" are unconstitutional. We caution, however, that this determination "implies no comparable right in the quite different context of participation in a political campaign for election to public office." First National Bank, supra, at 4377, n. 26.

## S U M M A R Y

Insofar as article 14.06, Texas Election Code, prohibits corporations from making contributions and expenditures

"for the purpose of aiding or defeating the approval of any measures submitted to a vote of the people of this state or any subdivision thereof," it is unconstitutional. The prohibition against corporate contributions to candidates in a campaign for political office has not been overturned by the Supreme Court.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jsn